IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN

DANIEL MELLENTHIN,                              )
                                                )
                    Plaintiff,                  )
                                                )  Civil Action
vs.                                             )
                                                )  Case No. 4:26-CV-00819
BOULEVARD INVESTMENT CO.,                       )
                                                )
                    Defendant.                  )

## COMPLAINT

COMES NOW, DANIEL MELLENTHIN, by and through the undersigned counsel, and files this, his Complaint against Defendant, BOULEVARD INVESTMENT CO., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

### PARTIES

2.      Plaintiff, DANIEL MELLENTHIN. (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in St. Louis, Missouri (St. Louis County).

3.      Plaintiff is disabled as defined by the ADA.

1

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7.      Defendant, BOULEVARD INVESTMENT CO. (hereinafter "BOULEVARD INVESTMENT CO."), is the owner of real property located in the State of Missouri.

8.      Defendant, BOULEVARD INVESTMENT CO., may be properly served with process via its Registered Agent, to wit:  c/o James N. Probstein, Registered Agent, 9909 Clayton Road, Suite 224, St. Louis, MO  63124.

**FACTUAL ALLEGATIONS**

9.      On or about April 2, 2026, Plaintiff was a customer at "Gioia's Deli" a business located at 623 N New Ballas Rd, Creve Coeur, MO, 63141 referenced herein as "Gioia's Deli". Attached is a receipt documenting Plaintiff's purchase.  See Exhibit 1.  Also attached is a photograph documenting Plaintiff's visit to the Property. See Exhibit 2.

2

10.     Plaintiff lives 10 miles from the Property.

11.     Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

12.     Defendant, BOULEVARD INVESTMENT CO., is the owner or co-owner of the real property and improvements that Gioia's Deli is situated upon and is the subject of this action.

13.     Plaintiff's access to the business(es) located 615 N New Ballas Rd, Creve Coeur, MO  63141, St. Louis County Property Appraiser's identification number: 17O331133 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, BOULEVARD INVESTMENT CO., is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

14.     Plaintiff has visited the Property twice before as a customer and advocate for the disabled.  Plaintiff intends to revisit the Property within six months, likely sooner, after the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer of Gioia's Deli, to determine if and when the Property is made accessible and for Advocacy Purposes.

15.     Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access, as such, Plaintiff is deterred from returning to the Property as a customer until after the barriers to access are removed.

3

4

16.     Plaintiff travelled to the Property twice before as a customer and as an independent advocate for the disabled, personally encountered all the barriers to access the Property that are detailed in this Complaint, engaged these barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

17.     Plaintiff engaged all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

18.     Plaintiff's inability to fully access the Property and the public accommodation within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an inquiry in fact.

**COUNT I**
**VIOLATIONS OF THE ADA AND ADAAG**

19.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

20.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive

5

social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C.

§ 12181; 28 C.F.R. § 36.508(a).

24.     The Property is a public accommodation and service establishment.

25.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

27.     The Property must be, but is not, in compliance with the ADA and ADAAG.

28.     Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Plaintiff intends to visit the Property in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth

7

in this Complaint.

30.     Defendant, BOULEVARD INVESTMENT CO., has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31.     Defendant, BOULEVARD INVESTMENT CO., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, BOULEVARD INVESTMENT CO., is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

32.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and engaged that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

(i)     For the southernmost accessible parking space, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

8

(ii)    For the southernmost accessible parking space, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

(iii)    The accessible curb ramp lacks a clear and level area at the top of the ramp of at least 36 inches in length past the top of the ramp in violation of Section 406.4 of the 2010 ADAAG Standards.  This barrier to access would make it difficult and dangerous for Plaintiff to access the public accommodations offered at the Property because a clear and level landing is necessary for Plaintiff to safely turn from the ramp towards the entrances, by not having a clear and level landing, Plaintiff is forced to turn on a sloped surface which can cause the wheelchair to tip over and cause injury.

(iv)    The accessible ramp servicing the Property has a cross-slope steeper than 1:48 in violation of Section 405.3 of the 2010 ADAAG standards.  This barrier to access exposes Plaintiff to increased danger of tipping over as a cross-slope in excess of 1:48 is dangerous, and this excessive cross-slope is made even more dangerous given the fact it is on a sloped surface of a ramp.

(v)    The Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because

9

when ramps are too steep (more than 1:12) it requires too much physical arm strain to wheel up the ramp and increases the likelihood of the wheelchair falling backwards and Plaintiff being injured.

(vi)     Due to the placement of exterior tables in the access route leading from the accessible ramp, the Property lacks an accessible route from the accessible parking space to the accessible entrance of the Property in violation of Section 208.3.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property.

(vii)    There are no accessible parking spaces on the Property that have a sign designating an accessible parking space as "Van Accessible" in violation of Section 208.2.4 of the 2010 ADAAG standards and Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate a van accessible parking space.

(viii)   Inside Gioia's Deli, there is not at least 5% (five percent) of the dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with Section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards. If Plaintiff were to eat at the Property in the future, this barrier to access would prevent Plaintiff from using the dining surfaces currently present as Plaintiff's own feet would block Plaintiff's ability to access the dining surfaces.

(ix)     The surfaces of the accessible route leading from the southernmost accessible parking space have a cross-slope in excess of 1:48, in violation of Section 403.3

10

of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because excessive cross-slope along accessible routes increases the likelihood of Plaintiff's wheelchair tipping over on its side and injuring Plaintiff.

(x)    Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

33.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

34.    All of the violations alleged herein are readily achievable to modify to the Property into compliance with the ADA as the modifications necessary to cure the barriers to access identified in paragraph 32 of this Complaint are listed in 28 C.F.R. § 36.304 as "readily achievable".

35.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

36.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, BOULEVARD INVESTMENT CO., has the financial resources to make the necessary modifications.  According to the Property Appraiser, the Appraised value of the Property is $1,112,100.00.

37.    The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and

up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

38.    Upon information and good faith belief, the Property has been altered since 2010.

39.    In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, BOULEVARD INVESTMENT CO., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

41.    Plaintiff's requested relief serves the public interest.

42.    The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, BOULEVARD INVESTMENT CO.

43.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, BOULEVARD INVESTMENT CO., pursuant to 42 U.S.C. §§ 12188 and 12205.

44.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, BOULEVARD INVESTMENT CO., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant, BOULEVARD INVESTMENT CO., in violation of the ADA and ADAAG;

(b)    That the Court issue a permanent injunction enjoining Defendant, BOULEVARD INVESTMENT CO., from continuing their discriminatory practices;

12

(c)     That the Court issue an Order requiring Defendant, BOULEVARD INVESTMENT

CO., to (i) remove the physical barriers to access and (ii) alter the Property to make

it readily accessible to and useable by individuals with disabilities to the extent

required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses

and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: May 24, 2026                      Respectfully submitted,

                                         /s/  Douglas S. Schapiro
                                         Douglas S. Schapiro, Esq.
                                         The Schapiro Law Group, P.L.
                                         7301-A W. Palmetto Park Rd., #100A
                                         Boca Raton, FL 33433
                                         Tel: (561) 807-7388
                                         Email: schapiro@schapirolawgroup.com

13